MINUTE ENTRY
WILKINSON, M.J.
January 4, 2011

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

R.J. WILLIAMS                                    CIVIL ACTION

VERSUS                                           NO. 10-1550

OMEGA PROTEIN, INC.                              SECTION "S" (2)

## HEARING AND ORDER ON MOTION

APPEARANCES:   By telephone:  Robert P. Wynne, representing plaintiff, and Alan K.
               Breaud, representing defendant

MOTION:        Plaintiff's Motion to Quash, Record Doc. No. 8

O R D E R E D:

 XXX : GRANTED subject to the conditions and order contained herein: Plaintiff's deposition will not occur tomorrow. As agreed by counsel during today's telephone conference,  IT IS ORDERED that plaintiff must appear for his deposition by defendant on January 14, 2010 beginning at 10:00 a.m. at the office of defendant's counsel, 600 Jefferson Street, Suite 1101, Lafayette, Louisiana.

        Plaintiff served defendant with interrogatories, requests for production and requests for admissions on September 30, 2010. Written responses and/or objections were due thirty (30) days later. Fed. R. Civ. P. 33(b)(2); 34(b)(2)(A) and 36(a)(3). Defendant has never responded. All objections have therefore been waived. Fed. R. Civ. P. 33(b)(4); Poulos v. Naas Foods, Inc., 959 F.2d 69, 74 (7th Cir. 1992) (party "waived

MJSTAR:  0:20

any objection to production by failing to object when disclosure was due"); <u>Marx v. Kelly, Hart & Hallman, P.C.</u>, 929 F.2d 8, 10, 12-13 (1st Cir. 1991) (objections to requests for production were waived by failure to make timely objections); <u>McLeod, Alexander, Powell & Apffel v. Quarles</u>, 894 F.2d 1482, 1484 (5th Cir. 1990) (vague objections lacking in specificity held invalid); <u>In re United States</u>, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); <u>accord Autotech Techs. Ltd. P'ship v. Automationdirect.Com, Inc.</u>, 236 F.R.D. 396, 398 (N.D. Ill. 2006); <u>Brown-Stahlman v. Charter Trust Co.</u>, No. 04-CV-322-SM, 2006 WL 680874, at *1 (D.N.H. Mar. 16, 2006); <u>Banks v. Office of Senate Sgt.-at-Arms</u>, 222 F.R.D. 7, 21 (D.D.C. 2004). Plaintiff's counsel agreed during today's telephone conference, however, to the preservation of defendant's privilege objections only, in exchange for the rescheduling of plaintiff's deposition and the prompt provision of the long overdue answers to his interrogatories and responses to his requests for production before plaintiff's deposition. Accordingly,

IT IS FURTHER ORDERED that defendant must provide its answers to plaintiff's interrogatories and written responses to plaintiff's requests for production, together with the production of all non-privileged responsive documents, without objection except as to privilege, and the privilege log required by Fed. R. Civ. P. 26(b)(5)(A), no later than January 7, 2011. All of plaintiff's requests for admissions are deemed admitted by defendant's failure timely to respond. Fed. R. Civ. P. 36(a)(3). Any motion that defendant might contemplate concerning its admissions pursuant to Fed. R. Civ. P. 36(b) must be filed no later than January 18, 2011.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE